Sophia Quinn vs. the Manhattan Life Insurance Company.

## No. 4677.

### SOPHIA QUINN VS. THE MANHATTAN LIFE INSURANCE COMPANY, NEW YORK.

There is no law in Louisiana which requires that foreign insurance companies taking policies in this State shall keep an agency within its borders.

In this instance, within a year after the first premium was paid by plaintiff on the insurance of her husband's life, the defendants withdrew their agency from New Orleans. Notice of this withdrawal was published in one of the city papers; the plaintiff was informed thereof by letter. The fact was known to her; for the second year's premium was forwarded to New York.

As to the third year's premium, no effort seems to have been made to forward the sum due to New York, and, the premium not having been paid on the twentieth of August, 1868, according to the stipulation between the parties, the contract was at an end on that day, and the plaintiff could not recover on her policy, the death of her husband occurring on the twenty-sixth of said month.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J. *J. W. Thomas* and *R. Shackelford*, for plaintiff and appellant. *Labatt & Aroni*, for defendants and appellees.

MORGAN, J. On the fifteenth of August, 1866, plaintiff made application to the Manhattan Life Insurance Company, through their agent, C. C. Hathaway, representing them in this city, to effect an insurance on the life of her husband, H. S. Schuermann, in the sum of ten thousand dollars.

Her application was forwarded to the company, whose domicile is in New York, and was accepted, and a written policy made out on the twentieth of the same month, to take effect when countersigned by Hathaway. On the fourth of September, 1866, the policy reached New Orleans. It was countersigned by Hathaway, and delivered to plaintiff, and the first year's premium was paid. On the twentieth of August, 1867, she paid the second year's premium. Up to this point the facts are agreed upon.

She avers that on the twentieth of August, 1868, she was willing and prepared to pay the third annual premium, and that she made inquiry and diligent search for an agent of the company to whom payment could be made, without avail. Her husband died on the twenty-sixth of August, 1868. She claims from the company the amount of the policy, ten thousand dollars.

The answer is that the third year's premium, due on the twentieth of August, 1868, for the ensuing year, was not paid, and that no proper tender or attempt at payment thereof was made, therefore that when plaintiff's husband died the policy had lapsed.

Plaintiff meets the objections of the defendant by asserting that she endeavored to pay the premium before noon on the twentieth of August, but that she was prevented from doing so by the fact that the defendants had no agent in New Orleans to whom she could make payment.

There is no law in Louisiana which requires that foreign insurance

companies taking policies in this State shall keep an agency within its borders. Within a year after the first premium was made the defendants withdrew their agency from New Orleans. Notice of this withdrawal was published in one of the city papers, and the plaintiff was informed thereof by letter. The fact was known to her, for the second year's premium was forwarded to New York.

As regards the third year's premium, her husband communicated with the defendants, requesting a reduction of the policy on account of his anticipated inability to pay the amount thereof when it should become due, to which the defendants refused to assent, and no effort seems to have been made to forward the sum due to New York. The premium was to have been made on the twentieth of August of each year, before twelve o'clock, m. Plaintiff contends that she was only bound to pay on the fourth of September, the day upon which the policy was countersigned by the agent here. But the time is fixed by the policy, twentieth of August. That was the contract between the parties. It was therefore due on that date. Besides, there was some delay in making the second payment, upon which notice was given that, in future, the premiums must be paid on the twentieth of August.

The premium not having been paid on the day stipulated, the contract was at an end.

Judgment affirmed.